UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEARBORN LODGING, INC., a Michigan corporation, and JOSEF NOFAR,

        Plaintiffs,

v.

THE CITY OF DEARBORN,

        Defendant.

Case No. 08-14550
Honorable Julian Abele Cook, Jr.

ORDER

On October 23, 2008, the Plaintiffs, Dearborn Lodging, Inc., a Michigan corporation, and Josef Nofar, filed a complaint in the Wayne County Circuit Court of Michigan, in which they accused the Defendant, the City of Dearborn, of (1) an unconstitutional taking of their property interests in violation of the Fifth and Fourteenth Amendments of the United States Constitution; and (2) a wrongful "taking in exercise of police powers."

Four days later (October 27, 2008), the Defendant removed the action to this federal district court. However, the parties subsequently agreed to enter into an uncontested order of dismissal, after they determined that it was "in their best interests to dismiss this matter without prejudice to facilitate a resolution [of their dispute]." Acting upon the parties' joint agreement, the Court entered an order of dismissal on February 13, 2009. One week later, on February 20th, the Plaintiffs filed what they described as an "emergency motion," seeking a reinstatement of the case. On the same day, they also filed a motion for preliminary injunction and the appointment of "an

independent qualified monitor." The Defendant filed responses in opposition to both motions on February 27th, to which the Plaintiffs replied on March 3rd. For the reasons that have been set forth below, the Plaintiffs' motion to reopen the case will be denied, which, in turn, renders a judicial resolution of their motion for a preliminary injunction unnecessary for reasons of mootness.

I.

Dearborn Lodging, Inc., is a Michigan corporation that owns and operates the Metro Inn Motel (the "Motel") in Dearborn, Michigan, and Josef Nofar is its sole shareholder. The City of Dearborn is a municipal corporation that is an integral part of the governmental structure within the State of Michigan. As such, it is entitled to exercise all of the police powers that have been authorized by the Michigan Constitution.

These parties have a long history of discussions and negotiations relating to the soundness of the Motel's structure, particularly its balconies. Underlying their ongoing discussions is the position of the Plaintiffs who jointly contend that the Defendant's allegations which describe the Motel as being unsafe are unfounded and arbitrary. It is their collective position that its own engineers have conducted structural engineering inspections, all of which have concluded that the Motel's balconies are "structurally sound and . . . safe."

On the other hand, the Defendant has maintained that the Plaintiffs' proffered engineering reports reveal that these inspections were superficial and did little to address the overall integrity of the building structure. The Defendant, seeking to acquire support for its opinion, hired its own engineering firm, URS Corporation ("URS"), to conduct an inspection and thereafter submit a written report that would reflect its findings. Acting upon this authority, URS conducted an evaluation of the Motel, and submitted a report which revealed, among other things, that (1) the

balconies were unsafe, (2) the staircases in every building contained trip hazards, (3) electrical, plumbing, and mechanical systems were in varying states of disrepair, and (4) the restaurant building had mold, roof damage, and deficient mechanical systems that were not up to code. On the basis of this report, the Defendant condemned the Motel on October 17, 2008. This lawsuit followed.

II.

In its now-pending motion, the Plaintiffs seek to have the Court set aside its dismissal order of February 13th and reinstate this case, arguing that (1) there have been no negotiations between the parties to resolve the case and (2) the Defendant has sought "further aggressive conduct to destroy the Plaintiffs' business" by instituting a "fallacious tax lien" on all of the personal properties in the Motel. The Defendant opposes this motion, contending that the Plaintiffs have (1) declined to submit a rehabilitation plan with a permit application and fee; (2) refused to pay overdue taxes and water bills; and (3) failed to set forth any exceptional circumstances that would warrant the relief that they seek to obtain.

Federal Rule of Civil Procedure 60(b) provides the following:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Although courts are allowed to revisit final orders under this rule of procedure, relief is

"'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007). This principal is especially true where a litigant seeks to obtain relief under subsection (6) of Rule 60(b) which is applicable only in those "exceptional or extraordinary circumstances" that have not been addressed in the first five subsections of the rule. *Id.* (internal citations omitted). As such, subsection (6) should only be applied in those "unusual and extreme situations" and "where principles of equity *mandate* relief." *Id.* (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). The party who seeks to obtain relief under Rule 60(b), must establish the grounds for relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citing *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007)).

Here, the Plaintiffs argue that their case should be reopened because "the lack of any progress or the lack of any offer demonstrates a 'reason that justifies relief,'" thereby invoking subsection (6) of Rule 60(b). However, the Court does not believe that they have met the burden required to justify the relief sought by them. Although the Plaintiffs maintain that "there has been no good faith and meaningful attempt to 'facilitate a resolution' of this matter by the Defendant," the evidence proffered by the Defendant appears to suggest the contrary. The Defendant has presented the Court with various mail and e-mail correspondence between the parties, along with a sign-in sheet from a meeting of January 9, 2009, in which the parties were in attendance.[1] Although the parties continue to be in an apparent disagreement about whether the Motel should be

---

[1] The Plaintiffs acknowledge that this meeting took place, but contend that "no actual negotiations were engaged in by the [Defendant]." The Defendant, on the other hand, alleges that by the end of the meeting the parties agreed that the "Plaintiffs would present a comprehensive proposal" to rehabilitate the building.

condemned, this dispute - standing alone - does not mandate relief under Rule 60(b)(6). Significantly, the affidavits and other documents in this action suggest that the interactions among the parties have continued in the same manner as (1) prior to the commencement of this lawsuit and (2) on or about the same time that they agreed to pursue an out-of-court resolution. As such, the Plaintiffs have failed to submit clear and convincing evidence that the interests of justice require relief from the order of dismissal. Furthermore, the cases that were cited by the Plaintiffs in support of their request are inapposite to the issues in their motion. As an example, the Plaintiffs' reliance on *Dynes v. Army Air Force*, 720 F.2d 1495 (11th Cir. 1983) is misplaced. In *Dynes,* the Eleventh Circuit Court of Appeals held that the district court did not abuse its discretion in granting a defendant's motion to dismiss without prejudice because the plaintiff had failed to comply with a court order. *Dynes*, 720 F.2d at 1499. Contrary to the Plaintiffs' position, the case does not stand for the proposition that a dismissal without prejudice allows reinstatement. Likewise, the Plaintiffs' citation to *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944) does not lend support for their position. The Supreme Court in *Hazel-Atlas* reaffirmed the power of federal courts to alter or set aside judgments under certain circumstances, focusing on the issue of after-discovered fraud. 322 U.S. at 244.[2] However, the Plaintiffs here have not alleged that the Defendant has engaged in any fraudulent action.

III.

---

[2]*Hazel-Atlas* appears to benefit the Defendants in this case. The Supreme Court noted that courts have only been willing to prevent the enforcement of a judgment where there was a "need for correcting [an] injustice[]" or where the enforcement of the judgment was "manifestly unconscionable." *Hazel-Atlas Glass Co.*, 322 U.S. at 244-45. The Plaintiffs here have not shown either that (1) the Court needs to correct an injustice or (2) the enforcement of its order would be "manifestly unconscionable."

Therefore, for the reasons stated above, the Court must, and does, (1) deny the Plaintiffs' motion to reinstate the case and (2) deny the Plaintiffs' motion for preliminary injunction for reasons of mootness.

IT IS SO ORDERED.

Dated: <u>March 6, 2009</u>                        <u>s/Julian Abele Cook, Jr.</u>
       Detroit, Michigan                  JULIAN ABELE COOK, JR.
                                                United States District Court Judge

<u>Certificate of Service</u>

I hereby certify that on March 6, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                  <u>s/ Kay Doaks</u>
                                                  Courtroom Deputy Clerk